## COFFIN *et al. v.* THE OSCEOLA.[1]

*(District Court, E. D. New York.* April 9, 1888.)

1. COLLISION—DAMAGES—DEMURRAGE.
    Demurrage may be recovered for the detention of a boat while undergoing repairs rendered necessary by collision, though it appears that the work that the injured boat would have done but for the collision was done by another boat owned by libelants, and which was at the time without other employment.

2. SAME—PERMANENT DEPRECIATION.
    No additional allowance should be made for permanent depreciation as a result of a collision without positive proof of such depreciation.

In Admiralty. On exceptions to commissioner's report.

*Edward H. Hobbs,* for libelants.

*Carpenter & Mosher,* for claimant.

BENEDICT, J. The exceptions in this case cover two questions which deserve attention: First, whether the libelants can recover demurrage for the detention of their boat while undergoing repairs, when it appears that the work that the injured boat would have done but for the collision was done by another boat owned by the libelants, and which was at the time without other employment. The commissioner allowed demurrage, and I think he was right. It is true that this is not like the cases of *The Cayuga,* 1 Ben. 171, and *The Favorita,* Id. 30,—an action for detention of a ferry-boat,—but it is within the principle of those cases. The next question is whether the libelants should have been allowed for permanent depreciation. The testimony certainly indicates that for some reason or other the boat was not as available after the repairs as she was before the collision, but it does not appear to me to be sufficiently certain to justify the allowance of any additional sum as damages caused by the collision. It is hardly a case where intrinsic and inevitable diminution of value is shown to have resulted from the collision because it was not possible to make complete repairs.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.